# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **NAIL ALLIANCE, LLC**, a Delaware limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> **POLY-GEL, L.L.C.**, a New Jersey limited liability company; and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No. _____ |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Nail Alliance, LLC ("Plaintiff"), for its complaint against defendant Poly-Gel L.L.C. ("Defendant") for a declaratory judgment, alleges as follows:

## JURISDICTION AND VENUE

1. This action for declaratory relief arises under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

2. The Court has federal question jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. Plaintiff is informed and believes, and on that basis alleges, that the Court has personal jurisdiction over Defendant who markets and/or sells products to consumers in Missouri and is claiming that it has common law trademark rights, including by virtue of the use of its trade name when it markets and/or sells the alleged goods to consumers in Missouri, because this action arises directly out of Defendant's asserted contacts to Missouri, upon which Defendant has relied to claim superior rights over Plaintiff to use the subject mark in Missouri.

4. Venue is proper in this Court under 28 U.S.C. §§ 1391 (a), (b)(2).

## PARTIES

5. Plaintiff Nail Alliance, LLC is a Delaware limited liability company with its principal place of business Gladstone, Missouri.

6. Defendant Poly-Gel, L.L.C. is a New Jersey limited liability company with its principal place of business in Whippany, New Jersey.

## GENERAL ALLEGATIONS

7. Plaintiff is a leading nail products company, which sells a variety of professional nail products and ancillary cosmetic products, including skin care products. Plaintiff's products are marketed and sold to salons and licensed nail technicians, who purchase Plaintiff's products for use in salons when providing services to end users. Plaintiff sells its products through stores and distributors who cater to salons and licensed technicians. Plaintiff's lines of professional nail products are not intended for sale directly to end users; Plaintiff has a separate retail brand, RC RED CARPET MANICURE, for such products.

8. Plaintiff owns a number of professional brands. It has recently launched and obtained a trademark registration for its newest professional product line, POLYGEL. Attached as Exhibit ("Ex.") "1" is a true and correct copy of Plaintiff's trademark registration for POLYGEL, which recognizes Plaintiff's nationwide protection for POLYGEL.

9. POLY and GEL, by themselves, are marks used in a number of industries for a wide away of good and services, which can be easily seen with a basic trademark search. Accordingly, by themselves, they often are not strong marks or associated with a likelihood of confusion in connection with different goods and services, especially unrelated goods and services. Similarly, a trademark search for POLYGEL, itself, such as the one attached as Exhibit "2," reveals multiple trademark registrations, including four live registrations associated with the following different goods and services and corresponding dates of first use in

commerce – the fourth-listed registration is the one held by Plaintiff; the third-listed registration is one held by Defendant:

**Goods and Services**   IC 005. US 018. G & S: formulation in niacin tablets providing controlled-release of niacin. FIRST USE: 19900604. FIRST USE IN COMMERCE: 19900604

**Goods and Services**   IC 001. US 001 005 006 010 026 046. G & S: Polymer compositions in a liquid or paste form *as precursor for rubber and casting resins* for use in the manufacturing of reproductions of surfaces for a wide variety of industrial applications such as statues, art objects, marine crafts, and wall formations. FIRST USE: 19900607. FIRST USE IN COMMERCE: 19900607

**Goods and Services**   IC 010. US 026 039 044. G & S: ARCH SUPPORTS FOR BOOTS OR SHOES; ORTHOTIC INSERTS, NAMELY, INSOLES, HALF INSOLES, HEEL INSERTS IN THE NATURE OF HEEL LINERS, AND SHOE INSERTS FOR PRIMARILY ORTHOPEDIC PURPOSES IN THE NATURE OF FOREFOOT CUSHIONS, HEEL PADS AND HEEL CUSHIONS, SHOE PADDING, BALL OF FOOT CUSHIONS, AND HEEL PIECES FOR SHOES; ORTHOPEDIC SUPPORTS, NAMELY, HEEL PROTECTORS. FIRST USE: 19991231. FIRST USE IN COMMERCE: 19991231

**Goods and Services**   IC 003. US 001 004 006 050 051 052. G & S: Cosmetics; Non-medicated nail and skin care preparations; Beauty supplies, namely, nail care kits composed primarily of cuticle oil, UV top coat, nail primer, nail dehydrator, and also containing assorted nail files and nail buffers, acrylic nail sculpting forms, acrylic sculpting nail brush and instruction booklet; Hand and body lotion; Skin scrub; Nail enamel. FIRST USE: 20170301. FIRST USE IN COMMERCE: 20170301

10. The United States Patent & Trademark Office ("USPTO"), in issuing Plaintiff's trademark registration, determined that Plaintiff's use of POLYGEL for the listed goods/services is not likely to cause confusion with any of these prior registrations, including Defendant's registration for "arch supports for boots or shoes; orthotic inserts . . . ; orthopedic supports . . . ."

11. Plaintiff's trademark application published for opposition on August 9, 2016. The registration issued on July 4, 2017, after no opposition was filed.

12. Defendant describes itself as a medical products company, which entered the healthcare marketplace in 1999. According to its website, Defendant has six product brands—GelSmart, ThermActive, FlexiKold, NatraCure, NatraGel and Geluxury, which Defendant markets to healthcare professionals. Plaintiff is informed and believes, and on that basis alleges, that Defendant does not use POLYGEL as a brand for cosmetic or skin care products. Rather, Defendant uses and has registered other marks, including NATRACURE and GELUXURY, as source identifiers for any cosmetic and skin care products.

13. Nevertheless, Defendant has filed a Petition for Cancellation in the USPTO before the Trademark Trial & Appeal Board ("TTAB"), which is attached as Exhibit "3." Like the USPTO, Defendant did not allege or assert any likelihood of confusion between (a) Plaintiff's use of POLYGEL as a source identifier for cosmetic products, including nail or skin care products, with (b) any of Defendant's registered trademarks, including those attached to its Petition (*see* Ex. 1-3). In fact, while Defendant has a registration for POLYGEL as a source identifier for "arch supports for boots or shoes; orthotic inserts . . . ; orthopedic supports . . . ," this registration is not cited in the Petition or relied upon by Defendant as the basis for its Petition for Cancellation. Defendant did not allege or assert that the USPTO made a mistake in issuing Plaintiff's registration over Defendant's registration for arch supports or orthotics.

14. Rather, relying upon its "trade name" and "web pages," which advertise various medical-related products, including skin-care apparel, that it sells to healthcare professionals and makes available for private labelling, Defendant asserts a different ground for cancellation: That it allegedly has superior common law rights in the United States, including in Missouri, for its un-registered trade name as used in connection with cosmetic/skin-care products than Plaintiff has in its registered POLYGEL trademark. *See* Petition ¶¶ 1-12, Ex. 5-6.

4

15. There is no allegation in the Petition that Defendant's un-registered trade name, while used in the United States, has, in fact, penetrated the market in Missouri or any other state and resulted in consumer awareness of POLYGEL as a source identifier for Defendant's cosmetic or skin-care products, as to which Defendant uses and has registered different marks as source identifiers.

16. Moreover, there is no likelihood of confusion given that Defendant is in the healthcare marketplace and in the business of selling/private labeling medical products and ancillary skin-care apparel, and Plaintiff is in the professional nail care space, where the only alleged overlap in products appear ancillary to the parties' respective businesses. Indeed, there is no risk of confusion, at all, among (a) Plaintiff's consumers (salons and licensed technicians) and (b) Defendant's consumers (healthcare professionals/purchasers of medical-related products).

17. Accordingly, Plaintiff brings this action for declaratory relief. Plaintiff believes and asserts, and based on the Petition is informed and believes that Defendant's disputes, that Plaintiff has superior rights in the United States in the mark POLYGEL for cosmetic products, at least with respect to nail care products, because Plaintiff's products, among other things, (a) are different than Defendant's products, (b) target different consumers, where Plaintiff's consumers work in a niche market unrelated to the healthcare space, (c) are marketed and sold through different sales channels and are likely never viewed either side-by-side, or at all, by the same consumers, and (d) are branded differently, including sold under different brand names as source identifiers. It would be unreasonable and extremely unlikely for any ordinary consumer of the parties' respective products to overlap and be confused by the parties' respective uses of the mark POLYGEL. Rather, their respective uses have peacefully co-existed and can continue to peacefully co-exist in Missouri and elsewhere without any likelihood of confusion.

18. Plaintiff has satisfied and/or Defendant has waived any pre-condition for filing of this action for a declaratory judgment.

## CAUSE OF ACTION FOR DECLARATORY JUDGMENT

**(15 U.S.C. § 1051 *et seq*, 28 U.S.C. § 2201, *et seq.*)**

19. Plaintiff repeats and realleges the allegations in paragraphs 1 to 18 above, and in Plaintiff's Prayer for Relief below, as if fully set forth herein.

20. A real and existing case and controversy exists as to the parties' respective rights to use POLYGEL in the United States, including in Missouri, and Plaintiff's right to register the same, including for some or all of the listed goods.

21. Plaintiff has superior rights to use POLYGEL for cosmetic products, including and/or at least with respect to nail products, which are unrelated to Defendant's medical products. Plaintiff is informed and believes, and on that basis alleges, that Defendant disagrees with Plaintiff's assertion of superior rights in the United States, including in Missouri, which rights are evidenced by Plaintiff's registration, and Defendant has petitioned to cancel the same.

22. Plaintiff has penetrated the market in Missouri and in every other state and Plaintiff's consumers recognize POLYGEL as a source identifier for Plaintiff's products. In contrast, Plaintiff is informed and believes, and on that basis alleges, Defendant has not adequately penetrated the healthcare market in Missouri, let alone in all fifty states, and consumers do not recognize POLYGEL as a brand or source identifier for Defendant's cosmetic or skin-care products, at least prior to Plaintiff's use of POLYGEL in the professional nail products marketplace.

23. There is no likelihood of confusion between the parties' respective uses of the mark POLYGEL, including Plaintiff's use of the mark as a source identifier in the professional nail products marketplace and Defendant's use of the mark as a trade name in the healthcare

marketplace, especially given that any overlap in their respective product lines would be ancillary in nature to each party's core business and sold primarily to different types of professionals. As set out in the Petition, Defendant disputes this position.

24. Indeed, Defendant alleges in the Petition that Plaintiff's trademark registration, which recognizes and/or affords Plaintiff nationwide protection in POLYGEL, is causing damage to Defendant and will continue to cause damage if not cancelled. In contrast, with or without its registration, Plaintiff asserts that it has the superior right to use POLYGEL in Missouri and throughout the rest of the United States because Plaintiff has used the mark as a source identifier in connection with cosmetic goods before Defendant and therefore has priority over the Defendant, and/or because there is no likelihood of confusion in connection with the parties' respective uses of the mark, including because of the differences between the parties' respective goods, marketplaces and channels of trade, among other differences.

25. Accordingly, a real and existing case and controversy exists, and Plaintiff seeks a declaratory judgment against Defendant. Given this Court's primary and more comprehensive jurisdiction over the parties' respective trademark rights in the United States, Plaintiff believes that the Petition and TTAB proceeding should be stayed pending resolution of this action. In addition, in light of the Petition and the parties' inability to resolve their differences without court intervention, pursuant to 15 U.S.C. § 1117(a), Plaintiff seeks its costs and attorneys' fees under the facts and exceptional circumstances of this case.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment on its count for a declaratory judgment against Defendant, including findings that: (1) Plaintiff has superior right to use the mark POLYGEL in Missouri and in the rest of the United States, including and/or at least in connection with nail products; (2) Defendant either has not made trademark use of POLYGEL

for cosmetic or skin-care products, or any such use has not adequately penetrated the market in Missouri, let alone in all other states, so as to overcome Plaintiff's trademark registration; (3) there is no likelihood of confusion relating to the parties' alleged uses of the mark, including and in particularly in nail products industry; and (4) Plaintiff is entitled to an award of costs and reasonable attorneys' fees and such other and further relief as the Court deems appropriate, including a stay of the Petition before the TTAB.

## JURY TRIAL DEMAND

Plaintiff demands a jury on all issues so triable.

Respectfully submitted,

By: /s/ Jay E. Heidrick
    JAY E. HEIDRICK    MO #54699
    POLSINELLI PC
    900 West 48th Place
    Kansas City, MO 64112
    Telephone: 816-753-1000
    Facsimile: 816-753-1536
    jheidrick@polsinelli.com

ATTORNEYS FOR PLAINTIFF
NAIL ALLIANCE, LLC